IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MEKAIL THOMAS, *et al.*                                            PLAINTIFFS

V.                                    CIVIL ACTION NO. 2:19-CV-112-KS-MTP

THE CITY OF LAUREL, MISSISSIPPI, *et al.*                          DEFENDANTS

## ORDER

Defendant filed a Motion to Exclude [66] the testimony of Plaintiffs' expert, W. Lloyd Grafton. Defendants argues that Plaintiffs did not timely produce an expert report. Rule 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. FED. R. CIV. P. 26(a)(2)(A). "[I]f the witness is one retained or specially employed to provide expert testimony in the case," the party must also provide a written report prepared and signed by the expert witness. FED. R. CIV. P. 26(a)(2)(B). Among other things, the report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them." FED. R. CIV. P. 26(a)(2)(B)(i)-(ii).

"A party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosure as required by FED. R. CIV. P. 26(a) . . . no later than the time specified in the case management order." L.U.Civ.R. 26(a)(2). Additionally, "[t]he parties must supplement these disclosures when required under

Rule 26(e)." FED. R. CIV. P. 26(a)(2)(E).

"[A] party is required to supplement its expert disclosures if the court so orders or if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 570, n. 42 (5th Cir. 1996) (quoting FED. R. CIV. P. 26(e)(1)). "[T]he party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." FED. R. CIV. P. 26(e)(2). Local Rule 26 provides that a "party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and *in no event later than the discovery deadline* established by the case management order." L.U.Civ.R. 26(a)(5) (emphasis added).

In summary, it is beyond dispute that Plaintiffs failed to comply with their Rule 26 obligations. Plaintiffs' expert designation and accompanying written report were due on September 1, 2020. *See* Case Management Order [22], at 4. Any supplements to the designation or expert report were due on or before the discovery deadline of December 1, 2020. FED. R. CIV. P. 26(e)(1)-(2); L.U.Civ.R. 26(a)(5). It appears to be undisputed that Plaintiffs did not provide an expert report until February 2, 2021 – five months past their designation deadline, two months past the

discovery deadline, several weeks before the final pretrial conference, and after Defendants had already filed their dispositive motions.

Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining whether to strike a witness's testimony for a party's failure to disclose it, the Court considers the following factors:

(1)     the importance of the witnesses' testimony;

(2)     the prejudice to the opposing party of allowing the witnesses to testify;

(3)     the possibility of curing such prejudice by a continuance; and

(4)     the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club*, 73 F.3d at 572.

The Court will assume that Grafton's testimony is important, in that he is apparently Plaintiffs' only expert. However, Plaintiffs have not provided a satisfactory explanation for their failure to comply with Rule 26.

First, Plaintiffs argue that they could not produce an expert report because Defendants had not responded to discovery requests. However, according to the docket, Plaintiffs first propounded discovery requests to Defendants on July 21, 2020, *see* Notices of Service [30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41], leaving little time

for Plaintiffs' expert to review the responses even if they had been provided within thirty days. *See* FED. R. CIV. P. 33(b)(2), 34(b)(2). Moreover, Defendants assert – and Plaintiffs do not dispute – that Plaintiffs have had the videos and incident report from the shooting since Defendants produced pre-discovery disclosures on February 3, 2020. *See* Notice of Service [14]. Finally, the Court notes that Plaintiffs' expert apparently had enough information to form an opinion. Plaintiffs stated in the designation produced on August 31, 2020, that Grafton would "provide testimony that his opinion is that the shooting was out of policy and objectively unreasonable." Exhibit 1 to Response [77-1], at 1. If Defendants' failure to provide discovery responses did not prevent Grafton from forming an opinion, then there is no reason Plaintiffs could not timely produce an expert report.

Plaintiffs also argue that exigent circumstances prevented them from timely producing an expert report. Specifically, they represented in briefing that their counsel, J. Stewart Parrish, became seriously ill at the end of November 2020, and that he eventually died on or about December 28, 2020. However, Grafton's expert report was due on September 1, 2020 – almost three months before Mr. Parrish's health issues arose. Moreover, Plaintiffs have had another counsel of record, Robert W. Moak, for the entire pendency of this action, and they have not articulated any reason why he could not have produced the expert report.

Defendants would be severely prejudiced if the Court permitted Grafton to testify, as Plaintiffs did not provide timely notice of his opinions or their basis as

4

required by Rule 26. Defendants were unable to depose Grafton with his expert report in hand, and they were unable to obtain rebuttal testimony.

The question is whether the prejudice can be cured. The Court already faces a backlog of cases awaiting trial that were continued because of COVID-19. The undersigned judge intends to resume jury trials in April, and numerous cases have already been scheduled for trial. It is unlikely that the Court would be able to try this case before mid-July. That being the case, a brief continuance is possible.

Accordingly, the Court **denies** Defendants' Motion to Exclude [66] Grafton's testimony. The Court hereby continues the final pretrial conference in this matter until **May 20, 2021**. If Defendants wish to depose Mr. Grafton, they may do so on or before **April 12, 2021**. The Court declines to shift the normal expense of the deposition, in that Defendants would have incurred such expense regardless of when the expert report was produced. However, if Defendants incur any extraordinary expense because of the short time frame, such as the cost of an expedited transcript, then Plaintiffs must pay that additional cost. If Defendants wish to file a dispositive motion challenging the admissibility of Mr. Grafton's testimony under Rule 702, they must do so on or before **April 26, 2021**.[1] If Defendants wish to introduce rebuttal expert testimony, they must provide notice of such to Plaintiffs on or before the final pretrial conference.

---

[1] Defendants raised serious questions regarding the admissibility of Grafton's testimony in their reply brief, but the Court does not address issues raised for the first time in reply. Moreover, questions regarding admissibility under Rule 702 are better addressed in a separate motion.

SO ORDERED AND ADJUDGED this 10th day of March, 2021.

/s/      Keith Starrett
_____

KEITH STARRETT
UNITED STATES DISTRICT JUDGE
