# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MEKAIL THOMAS,** *et al.*                                                     **PLAINTIFFS**

**V.**                                  **CIVIL ACTION NO. 2:19-CV-112-KS-MTP**

**THE CITY OF LAUREL, MISSISSIPPI,** *et al.*                          **DEFENDANTS**

## ORDER

For the reasons provided below, the Court **grants in part and denies in part** Defendants' Motion to Disallow Plaintiffs' Designation of Expert Witness [86], **grants in part and denies in part** Defendants' Motion in Limine [90] as to Plaintiffs' medical records, and **grants in part and denies in part** Defendants' Motion in Limine [92] as to evidence of certain categories of damages. The Court also finds that no motion is currently pending regarding Plaintiff's social security administrative record.

### A. *Motion to Disallow Expert Witness [86]*

Defendants argue that the Court should exclude the testimony of Plaintiff's expert, W. Lloyd Grafton. Defendants offered a wide variety of arguments, but they generally argue that Grafton intends to provide impermissible legal opinions, that he intends to address matters within the sole province of the jury, and that he intends to address matters that are irrelevant to questions properly before the jury. The Court will address each numbered opinion from Grafton's expert report, as well as other issues presented by Defendants' motion.

1.  *Opinion One*

The first numbered opinion in Grafton's report provides: "It is my opinion to a reasonable degree of professional certainty that Mr. MeKail Thomas had his civil rights violated by the Laurel Police Department Officers when he was asked to pull over at a driver's license checkpoint after he presented a valid driver's license to the Laurel Police Officer." Exhibit B to Response [77-2], at 2. Defendants argue that this is an impermissible legal opinion. The Court agrees.

Generally, "[a]n opinion is not objectionable just because it embraces an ultimate issue" in a case. FED. R. EVID. 704(a). But expert witnesses are not allowed to "tell the jury what result to reach . . . ." *Matthews v. Ashland Chem., Inc.*, 770 F.2d 1303, 1311 (5th Cir. 1985). Moreover, "an expert may never render conclusions of law," *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009), or opinions on legal issues. *Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999). The existence of probable cause for a warrantless detention or arrest is a mixed question of fact and law. *United States v. Hearn*, 563 F.3d 95, 102 (5th Cir. 2009); *United States v. Del Hierro-Vega*, 760 F. App'x 301, 304 (5th Cir. 2019). Accordingly, the Fifth Circuit has affirmed a district court's exclusion of Grafton's opinions regarding the existence of probable cause. *See Porter v. Lear*, 751 F. App'x 422, 433 (5th Cir. 2018) (district court did not abuse discretion in excluding Grafton's opinion that an officer did not have probable cause). Therefore, the Court grants Defendants' motion as to Grafton's first numbered opinion.

2

The Court also questions whether this opinion is relevant to the claims asserted in this case. The Court was under the impression that this was an excessive force case arising from a police shooting, in which case the constitutionality of the initial stop would not be relevant. The Court expects the parties to clearly define the scope of the case before the final pretrial conference.

2. *Opinion Two*

The second numbered opinion in Grafton's report provides: "It is my opinion to a reasonable degree of professional certainty that Mr. Thomas was illegally searched by the Laurel Police Officer when he was asked to place his hands on the back of his vehicle and was searched from head to toe without reasonable suspicion." Exhibit B to Response [77-2], at 2. Again, Defendants argue that this is an impermissible legal opinion, and the Court agrees. The existence of probable cause for a search is a question of law. *United States v. Triplett*, 684 F.3d 500, 504 (5th Cir. 2012). Therefore, the Court grants Defendants' motion as to Grafton's second numbered opinion. *See Geiger v. Monroe County, Miss.*, 2020 WL 5255403, at *3-*4 (N.D. Miss. Sept. 3, 2020).

Additionally, the Court again questions whether this opinion is relevant to the excessive force claims asserted in this case. The Court expects the parties to clearly define the scope of the case before the final pretrial conference.

3. *Opinion Three*

The third numbered opinion in Grafton's report provides: "It is my opinion to a reasonable degree of professional certainty that Mr. Thomas was being arrested

without probable cause that he had committed any arrestable offense." Exhibit B to Response [77-2], at 2. Again, Defendants argue that this is an impermissible legal opinion, and the Court agrees. As noted above, the existence of probable cause for a warrantless detention or arrest is a mixed question of fact and law. *Hearn*, 563 F.3d at 102; *Del Hierro-Vega*, 760 F. App'x at 304. Accordingly, the Fifth Circuit has affirmed a district court's exclusion of Grafton's opinions regarding the existence of probable cause. *Porter*, 751 F. App'x at 433. The Court grants Defendants' motion as to Grafton's third numbered opinion.

Additionally, the Court again questions whether this opinion is relevant to the excessive force claims asserted in this case. The Court expects the parties to clearly define the scope of the case before the final pretrial conference.

  4. *Opinions Four, Five, and Six*

The fourth numbered opinion in Grafton's report provides: "It is my opinion to a reasonable degree of professional certainty that Laurel Police Officers present violated their taser training when they continued to cycle their tasers while shouting the commands 'Put your hands behind your back.'" Exhibit B to Response [77-2], at 2. The fifth numbered opinion was: "It is my opinion to a reasonable degree of professional certainty that the Laurel Police Officer who held a taser in one hand and a firearm in the other violated his taser training and endangered the life of all persons present." *Id.* The sixth numbered opinion was: "It is my opinion to a reasonable degree of professional certainty that the Laurel Police Officer who shot Mr. Thomas violated

4

his training and Use of Force policy and procedure. Mr. Thomas was under the control of the taser with fire [sic] well-trained officers. He had already been searched for weapons when he was shot." *Id.* at 3.

Defendants argue that Grafton should be barred from providing these opinions addressing the officers' compliance with departmental policies, procedures, and training. Defendants contend that such opinions are irrelevant to Plaintiff's claims because violations of police procedures generally do not give rise to a § 1983 claim. The Court disagrees.

The Fifth Circuit has held that a district court did not err by permitting expert to testify about police procedures and whether a defendant's actions were consistent with those procedures in a § 1983 case arising from a police shooting. *Mason v. Faul*, 929 F.3d 762, 764 (5th Cir. 2019); *see also Geiger*, 2020 WL 5255403, at *5. Accordingly, this Court has permitted such testimony. *See, e.g. Barnett v. City of Laurel*, 2019 WL 5788312, at *4 (S.D. Miss. Nov. 6, 2019); *Borgognoni v. City of Hattiesburg*, 2016 WL 3017393, at *4 (S.D. Miss. May 24, 2016). Therefore, the Court denies this aspect of Defendant's motion.

5. *Opinion Seven*

The seventh numbered opinion in Grafton's report provides: "It is my opinion to a reasonable degree of professional certainty that Mr. Thomas was handled in a manner that showed a total disregard for his health and well-being due to the ambulance arriving and his having to wait approximately fifteen minutes before

5

leaving the hospital while the Laurel Police present determined what to do next." Exhibit B to Response [77-2], at 3.

In the same manner as above, the Court questions whether this opinion is relevant to the claims asserted in this case. The Court was under the impression that this was an excessive force case arising from a police shooting, in which case the officers' actions and/or inactions after the use of force would not be relevant.

Regardless, whether the officers' actions displayed "a total disregard for [Plaintiff's] health and well-being" is not a proper subject of expert testimony. Rule 702 allows experts to provide opinion testimony if their "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." FED. R. EVID. 702(a). Therefore, to be admissible under Rule 702, proposed expert testimony must "involve more than common sense or the officers' past experience formed from firsthand observation." *United States v. Ebron*, 683 F.3d 105, 138 (5th Cir. 2012). If a jury can make a determination "using only their common experience and knowledge," then expert testimony on the topic is unnecessary. *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990); *see also Russ v. Safeco Ins. Co. of Am.*, 2013 WL 1310501, at *18 (S.D. Miss. Mar. 26, 2013). Here, Grafton is in no better position to assess Defendants' alleged "disregard" than a jury would be. It doesn't take an expert in police procedures to view a body camera video and assess whether an officer displayed disregard for an arrestee's health. Therefore, the Court grants Defendants' motion as to the seventh numbered

6

opinion in Grafton's report.

## 6. *Reasonableness of Use of Force*

Defendants also argue that Grafton should not be permitted to provide any testimony regarding the reasonableness of their use of force. As noted above, "an expert may never render conclusions of law," *Goodman*, 571 F.3d at 399, or opinions on legal issues. *Estate of Sowell*, 198 F.3d at 171-72. The Fifth Circuit has specifically held that the reasonableness of an officer's use of force is a legal conclusion. *Pratt v. Harris County, Tex.*, 822 F.3d 174, 181 (5th Cir. 2016); *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003); *McBroom v. Payne*, 478 F. App'x 196, 200 (5th Cir. 2012). Therefore, the Court grants this aspect of Defendants' motion. Grafton may not provide any opinions regarding the reasonableness of Defendants' use of force.

## 7. *Description of Video*

Finally, Defendants argue that a substantial portion of Grafton's report is merely a recitation of what is depicted in the officers' body camera videos. Defendants argue that Grafton should not be permitted to merely recite the contents of other evidence.

The Court has previously acknowledged that a proposed expert may not simply recite the contents of other evidence without applying any specialized knowledge or experience to help the jury understand the facts in evidence. *See, e.g. Barnett*, 2019 WL 5788312 at *5 (citing *Dei Rossi v. Whirlpool Corp.*, 2015 WL 1932484, at *1 n. 1 (E.D. Cal. Apr. 28, 2015). However, Rules 703 and 705 clearly contemplate that an

7

expert may disclose facts underlying his opinions to the jury. FED. R. EVID. 703, 705. "But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703.

Therefore, Grafton is not categorically barred from citing the contents of other evidence. He may not simply recite the contents of the body camera videos, without any connection to his opinions or application of his specialized knowledge. However, he is generally permitted to disclose the factual basis of his opinions, within the boundaries prescribed by Rules 703 and 705. The Court presently denies this aspect of Defendant's motion, but the parties may raise the issue in more detail at trial, if they deem it necessary.

### B. *Motion in Limine [89] Re: Social Security Administrative Record*

The document that Defendants filed and labeled "Motion in Limine to Exclude Social Security Administration Records," *see* Docket No. [89], does not appear to be a motion. Rather, it is the administrative record from a social security claim. Therefore, there is no motion pending related to Plaintiff's social security administrative record.

### C. *Motion in Limine [90] Re: Medical Records*

Defendants filed a Motion in Limine [90] to exclude Plaintiff's medical records and/or any testimony regarding a computation of damages related to those medical records. In Defendants' initial motion, they claimed that Plaintiff had not produced any medical records in discovery. In reply, Defendants admitted that Plaintiff had, in

8

fact, produced some medical records related to his initial treatment and surgery in the days immediately following the shooting. Defendants clarified that Plaintiff had not produced any additional medical records or evidence of medical expenses after this initial treatment.

*1. Medical Records*

Rule 37(c) provides: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Rule 26(e) requires that a party who has responded to an interrogatory or request for production must supplement or correct his disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A). When deciding whether to exclude evidence not properly supplemented, a court must consider four factors: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

In addressing the current motion, the Court will assume that the disputed evidence is important. However, the Court notes that the record does not contain any

supplemental medical records for the Court to examine, and Plaintiff has not even asserted in briefing that such additional medical records exist.

Plaintiff argues that his failure to supplement the medical records should be excused because his attorney, J. Stewart Parrish, died on December 28, 2020. The Court notes, however, that Plaintiff has had other counsel of record – Robert W. Moak – for the entire pendency of this case. Moreover, Defendants first served discovery requests concerning the medical records on April 29, 2020. *See* Exhibit B to Motion in Limine [90-2]; Notice of Service of First Set of Requests for Production [30]. The discovery period didn't expire until December 1, 2020 – over three weeks before Mr. Parrish died. Parrish served supplemental discovery responses as late as December 17, 2020 – only eleven days before his death. Therefore, the Court concludes that Mr. Parrish had ample opportunity to supplement Plaintiff's disclosed medical records before he became ill, and, even if he didn't, Plaintiff had other counsel of record who could have done the same.

The Court finds that allowing Plaintiff to use any undisclosed medical records at trial would be highly prejudicial because Defendants have not seen them, had an opportunity to investigate them, seek further discovery related to them, or obtain an expert opinion related to them. There is no time to cure this prejudice because the final pretrial conference is scheduled for June 24, 2020.

For all these reasons, the Court denies Defendants' Motion in Limine [90] as to the medical records that Defendants admit were produced, but grants it as to any

medical records that Plaintiff has not timely produced.

   *2.  Computation of Damages*

It appears to be undisputed that Plaintiff did not provide any computation of damages. Rule 26 requires each party to disclose "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." FED. R. CIV. P. 26(a)(1)(A)(iii). The disclosing party must supplement or correct this disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A).

Defendants argue that the Court should exclude any computation of damages that Plaintiff may seek to introduce at trial. For the same reasons provided above in its discussion of Plaintiff's medical records, the Court finds that Plaintiff has not provided a satisfactory explanation for his failure to provide a computation of damages, that allowing him to introduce such a computation at trial would be prejudicial to Defendants, and that there is no time for a cure. Therefore, the Court grants Defendants' Motion in Limine [90] as to any computation of damages based on or derived from Plaintiff's medical records. Likewise, Plaintiff will not be permitted

11

to "argue a specific damages amount before the jury." *EEOC v. Service Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012).

## D. *Motion in Limine [92] Re: Damages*

Defendants filed a Motion in Limine [92] to exclude all evidence of Plaintiff's alleged lost past wages, lost future wages, future medical costs, and any computation of damages related to such damages. Defendants claim that Plaintiff has not provided any evidence regarding lost wages or future medical costs, or any computations of such damages. In response, Plaintiff contends that he did, in fact, produce such evidence, citing the social security documents that are already in the record.

The Court presently denies this motion without prejudice as to evidence regarding Plaintiff's lost wages and future medical costs. If Defendants want to challenge specific items of evidence at trial, they are free to do so.

It appears to be undisputed that Plaintiff did not provide any computation of damages as required by Rule 26(a)(1)(A)(iii). For the same reasons provided above in its discussion of Plaintiff's medical records, the Court finds that Plaintiff has not provided a satisfactory explanation for his failure to provide a computation of damages, that allowing him to introduce such a computation at trial would be prejudicial to Defendants, and that there is no time for a cure. Therefore, the Court grants Defendants' Motion in Limine [92] as to any computation of damages related to lost wages and/or future medical costs. Likewise, Plaintiff will not be permitted to "argue a specific damages amount before the jury." *Service Temps*, 679 F.3d at 334.

SO ORDERED AND ADJUDGED this  18th   day of June, 2021.

                                             /s/ Keith Starrett
                                                         KEITH STARRETT
                                    UNITED STATES DISTRICT JUDGE